NO. 07-05-0034-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 28, 2007
_____

MAN FINANCIAL, INC.,
A DELAWARE CORPORATION, APPELLANT

V.

MAN FINANCIAL, LTD., A NEVADA LIMITED LIABILITY COMPANY,
JOHN DOE NO. 1, AND JOHN DOE NO. 2,  APPELLEES
_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-001,710; HONORABLE MACKEY K. HANCOCK, JUDGE
_____

Before QUINN, C.J., and CAMPBELL, J. and REAVIS, S.J.[1]

**MEMORANDUM OPINION**

Appellant Man Financial, Inc. appeals two discovery rulings of the trial court in favor of appellees Man Financial, Ltd., John Doe No. 1 and John Doe No. 2.  We will affirm.

---

[1] Don H. Reavis, Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

In a suit appellant Man Financial, Inc. filed against appellees in Nevada,[2] it sought a preliminary and permanent injunction "prohibiting defendants from using the name 'Man Financial' or defendant Man Financial, Ltd.'s name in connection with the furnishing of financial services . . . and (b) striking the corporate registration of defendant Man Financial, Ltd. or, in the alternative, permitting the said defendant to change its name by appropriate filings . . . ." After the filing of the Nevada lawsuit, Man Financial, Ltd. was dissolved.

Pursuant to a commission issued by the Nevada state court, Man Financial, Inc. subpoenaed Mark Artho for a deposition in Texas.[3] During the deposition, on the advice of counsel, Artho refused to answer a question about his prior address and refused to provide his fingerprints at the conclusion of the deposition. Man Financial, Inc. filed a motion to compel, seeking, among other things, to obtain Artho's fingerprint sample and an answer to the prior address question. The trial court denied Man Financial, Inc.'s motion to compel and this appeal ensued.

The district court's denial of a motion to compel is reviewed under an abuse of discretion standard. *Johnson v. Davis*, 178 S.W.3d 230, 242 (Tex.App.–Houston [14th Dist.] 2005, pet. denied) (citing *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004)). By its two issues on appeal, Man Financial, Inc. contends the trial court abused its discretion when

---

[2] *Man Financial, Inc., a Delaware corporation v. Man Financial, Ltd., a Nevada limited liability company, John Doe No. 1 and John Doe No. 2*; Cause No. CV04-00557 in the Second Judicial District Court of the State of Nevada, County of Washoe, Department No. 10.

[3] Artho is the person who requested the formation of Man Financial, Ltd. and is not a party to the Nevada lawsuit.

it refused to compel Artho to answer the deposition question about his prior address[4] and when it refused to compel Artho to submit to Man Financial, Inc.'s fingerprinting request.[5]

The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles, or whether, under all the circumstances of the particular case, the trial court's actions were arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). We conclude the trial court did not abuse its discretion by denying the motion to compel. On the record before us, and considering the relief sought in Man Financial, Inc.'s Nevada lawsuit and the undisputed dissolution of Man Financial, Ltd., we agree with Artho that the trial court could have concluded Artho's prior address and his fingerprints were not reasonably calculated to lead to the discovery of admissible evidence. TEX. R. CIV. P. 192.3(a). We overrule Man Financial, Inc.'s issues on appeal and affirm the ruling of the trial court.

James T. Campbell
Justice

---

[4] Man Financial, Inc. argues it is in need of Artho's prior address because "it could lead to the discovery of admissible evidence about who besides Artho, if anyone, was involved in forming Man [Financial,] Ltd. and also to allow Man [Financial,] Inc. to identify other persons who should be made party to an injunction forbidding use of the name 'Man Financial.'"

[5] Artho provided Man Financial, Inc.'s attorneys a series of documents. Man Financial, Inc.'s attorneys submitted those documents to a fingerprint expert who noted three different sets of fingerprints were present on the documents. Man Financial, Inc. contends Artho's fingerprints "are relevant to the issue in controversy of which persons were responsible for forming Man Financial, Ltd. Further, [Man Financial, Inc. argues] there is a reasonable nexus between that issue and the fingerprint examination because the fingerprint examination is uniquely suited to produce further useful information about who may have been involved in forming Man [Financial] Ltd. and whether Artho really was the prime mover behind its formation."